UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM JEROME BIBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:16-cv-03338-TWP-DML |
| | ) |
| THE UNITED STATES OF AMERICA, BUREAU OF PRISONS HEALTH SERVICES AT TERRE HATUE, FCI SUPERVISOR, DR. SHERMAN, DR. DANIEL WERTMAN, Dr. ROBERT KING, Dr. KARL SHULTZ, Dr. GORRIE, Dr. WILSON, Dr. KOJIMAD, | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**Entry Screening Complaint and Directing Further Proceedings**

**I.**

The plaintiff is a federal prisoner currently incarcerated at Butner Medium II Federal Correctional Institution. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II.

### A.

In the Entry of January 17, 2017, this Court explained to the plaintiff that he could bring a *Bivens* claim against the individual defendants alleging a violation of his Eighth Amendment rights only if he alleged facts which state a plausible claim for relief. The plaintiff was specifically instructed to allege what each individual did. He was notified that without allegations of individual action, the Eighth Amendment claims against the individual defendants must be dismissed. This is because a defendant can only be liable for the actions or omissions in which he personally participated. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). The amended complaint, like the original complaint, lacks any facts upon which the court could conclude that any individual defendant was deliberately indifferent to the plaintiff's need for treatment. Accordingly, the individual defendants are dismissed.

### B.

The complaint alleges a tort claim under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. ("FTCA"). This claim is against the United States only. *Hughes v. United States,* 701 F.2d 56, 58 (7th Cir. 1982). The **clerk is directed** to update the docket to show that all other defendants have been dismissed.

**C.**

The federal tort claims alleged against the United States is the only viable claim identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through April 27, 2017,** in which to identify those claims.

**III.**

The **clerk is directed** to issue a single summons to the United States attorney for this district and the Attorney General of the United States at Washington, D.C., pursuant to *Fed. R. Civ. P.* 4(i)(1). The Marshal for this District is directed to **serve** the summons and complaint by registered or certified mail at the expense of the United States.

**IT IS SO ORDERED.**

Date: 4/4/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204

WILLIAM JEROME BIBBS
47202-039
BUTNER - MEDIUM II FCI
BUTNER MEDIUM II FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1500
BUTNER, NC 27509