# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM JEROME BIBBS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE UNITED STATES OF AMERICA, ) <br> Dr. WILSON, Dr. KOJIMAD, ) <br> ) <br> Defendants. ) | Case No. 1:16-cv-03338-TWP-DML |

## ENTRY ON MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss filed by Defendants the United States of America (the "United States"). On December 9, 2016, Plaintiff William Jerome Bibbs' ("Bibbs") filed a complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. The amended complaint sought monetary damages for allegations that the United States mistreated his liver disease. The United States now seeks dismissal of the claims alleged against it arguing that Bibbs failed to exhaust his administrative remedies as required by the FTCA prior to filing this civil action. Bibbs has not opposed the motion and the time to do so has passed. For the reasons explained below, the United States' unopposed Motion to Dismiss, dkt [20], is **granted.**

### I. LEGAL STANDARD

The United States argues dismissal is appropriate because subject matter jurisdiction is absent. Subject matter jurisdiction "defines the court's authority to hear a given type of case," *United States v. Morton*, 467 U.S. 822, 828 (1984), and is the first question in every case. *Sherman v. Community Consol. Sch. Dist. 21 of Wheeling Twp.*, 980 F.2d 437, 440 (7th Cir. 1992), *cert. denied*, 114 S. Ct. 2109 (1994). "Jurisdiction over any suit against the Government requires a clear

statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (internal citations omitted).

The procedural vehicle used by the United States in challenging the Court's jurisdiction is its motion to dismiss pursuant to Rule 12(b)(1) of the *Federal Rules of Civil Procedure*. A court ruling on a Rule 12(b)(1) motion to dismiss must accept as true all well-pled factual allegations and draw reasonable inferences in favor of the plaintiff. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993). However, where a party raises a factual question concerning jurisdiction, "the district court is not bound to accept as true the allegations of the complaint which tend to establish jurisdiction." *Grafon Corp. v. Hauserman*, 602 F.2d 781, 783 (7th Cir. 1979). In such circumstances, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted to determine whether subject matter jurisdiction exists. *Id.* The burden of proof to demonstrate subject matter jurisdiction is on the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

Lawsuits against the United States for monetary damages are barred by the doctrine of sovereign immunity, except in specific circumstances when the government consents to be sued. See *Lehman v. Nakisan*, 453 U.S. 156, 160 (1981); *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies, and its employees acting within the scope of their employment is the FTCA. In addition, the FTCA is the sole remedy for any tort claim resulting from the negligent or wrongful act of a government employee acting within the scope of his employment. *Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2013).

The language of the FTCA is clear that a claimant must seek administrative review prior to filing an action in federal court under the FTCA, and must allow that process to be exhausted.

The Department of Justice has promulgated regulations prescribing the manner of presenting an administrative claim under the FTCA. Title 28 C.F.R. § 14.2(a) provides that a claim is deemed to be presented when an executed Standard Form 95 or other written notification of an incident is received and is accompanied by a claim for monetary damages in a sum certain. For Bibbs to comply with these provisions, he must have filed an administrative tort claim with the agency within two years of the date his claim accrued, and must await a denial or the passage of six months before filing suit.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The United States argues that Bibbs has not exhausted his administrative remedies and thus, this Court lacks subject matter jurisdiction. In support of its argument, the United States has presented an affidavit from Sarah Allison-Armstrong. She explains that Bibbs submitted a notice of his tort claim - Standard Form 95 - with the Bureau of Prisons on January 18, 2017, a date subsequent to the filing of this civil action. It was rejected and returned to Bibbs because it was incomplete. Bibbs then submitted an amended tort claim on March 1, 2017, which was accepted for consideration. The BOP has not denied the administrative claim and the six-month period for the claim to be "deemed denied" has not run. Because this prerequisite must be met for any tort suit against the government to proceed, Bibbs' claim is premature.

As a result, this Court lacks jurisdiction over the FTCA claim, and therefore must dismiss this claim pursuant to Rule 12(b)(1) of the *Federal Rules of Civil Procedure. See McNeil v. United States*, 508 U.S. 106, 107 (1993) (Section 2675(a) requires that a claimant file a claim with the

appropriate Federal agency, that the agency deny the claim, or not process the claim within six months of the filing, before any legal action may be instituted.).

### III. CONCLUSION

The FTCA is clear that no legal action shall be initiated until the claim process is properly exhausted. Bibbs' FTCA claim is premature because he had not exhausted his administrative remedies at the time this action was filed. For the reasons stated above, the FTCA claim against the United States must be dismissed for lack of subject matter jurisdiction. Accordingly, the Court GRANTS the Defendant's Motion to Dismiss, dkt [20], without prejudice. A dismissal for lack of subject matter jurisdiction is not on the merits. *Bunker Ramo Corp. v. United Business Forms, Inc.*, 713 F.2d 1272, 1277 (7th Cir. 1983); *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004); *Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004). A court that lacks subject matter jurisdiction cannot dismiss a case with prejudice. *Id.*

No partial final judgment shall issue at this time as to the claims resolved in this Entry. The **clerk is directed** to update the docket to reflect that the United States is no longer a defendant to this action.

**IT IS SO ORDERED.**

Date: 9/28/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WILLIAM JEROME BIBBS
47202-039
BUTNER - MEDIUM II FCI
BUTNER MEDIUM II FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1500
BUTNER, NC 27509

Michael S. Hult
SCHULTZ & POGUE LLP
mhult@schultzpoguelaw.com

Jon M. Pinnick
SCHULTZ & POGUE LLP
jpinnick@schultzpoguelaw.com

Kelly Rota
U.S. ATTORNEY'S OFFICE OF THE SOUTHERN DISTRICT OF INDI
kelly.rota@usdoj.gov