UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM JEROME BIBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-03338-TWP-DLP |
| | ) | |
| WILSON[1], | ) | |
| KOJIMAD,[2] | ) | |
| | ) | |
| Defendants. | ) | |

**Entry on Pending Motions**

This matter is before the Court on Motions for Summary Judgment filed by Defendants Wilson ("Dr. Wilson") and Kojimad's ("Dr. Koj"). Plaintiff William Jerome Bibbs ("Mr. Bibbs"), a federal prisoner, filed a Second Amended Complaint and Statement of Additional Claims (dkts. 11, 12 and 18) alleging that Dr. Wilson and Dr. Koj were aware that he needed a higher level of care and that his condition was too complex to be handled at the United States Penitentiary in Terre Haute, Indiana. Despite this knowledge, the doctors allegedly failed to transfer Mr. Bibbs to a medical facility that could provide the care Mr. Bibbs required and thus violated his Eighth Amendment rights. Each defendant asserts in a separately filed motion that he is entitled to judgment as a matter of law because Mr. Bibbs failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit.

Also before the Court is Mr. Bibb's Motion to Amend Statement of Material Facts in Dispute, dkt. [67], and Dr. Koj's Motion to Strike Plaintiff's Untimely Response, dkt. [70]. For

---

[1] Defendant WILSON's true name is William Wilson, M.D.
[2] Defendant KOJIMAD's true name is Imad J. Koj, M.D.

the reasons explained below, defendant Wilson's motion for summary judgment, dkt. [50], and defendant Koj's motion for summary judgment, dkt. [56], are **granted** and the remaining motions, dkts. [67] and [70], are **denied as moot.**

## I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

## II. Undisputed Facts

Applying the standard set forth above, the following facts are undisputed. Mr. Bibbs is a federal inmate currently housed at the Federal Correctional Complex in Butner, North Carolina.

He has been housed there since November 18, 2016. Mr. Bibbs was housed at the United States Penitentiary in Terre Haute, Indiana, from June 24, 2013 to May 7, 2015, and then at the Federal Correctional Institution in Terre Haute, Indiana, from May 7, 2015 to October 31, 2016.

Mr. Bibbs filed his original Complaint on December 9, 2016. The operative pleading is the Second Amended Complaint that was re-docketed on March 24, 2017. That pleading was clarified by Mr. Bibb's Statement of Additional Claims filed April 28, 2017.

The Federal Bureau of Prisons ("BOP") has promulgated an administrative remedy system which is codified in 28 C.F.R. §§ 542.10, *et seq.*, and BOP Program Statement 1330.18, *Administrative Remedy Procedures for Inmates.*[3] The administrative remedy process is a method by which an inmate may seek formal review of a complaint related to any aspect of his imprisonment. To exhaust his remedies, an inmate must first file an informal remedy request through an appropriate institution staff member via a BP-8. If the inmate is not satisfied with the informal remedy response, he is required to first address his complaint with the Warden via a BP-9. If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director via a BP-10. If dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel via a BP-11. Once an inmate receives a response to his appeal from the General Counsel, after filing administrative remedies at all required levels, his administrative remedies are deemed exhausted as to the specific issues properly raised therein.

All BOP Program Statements are available for inmate access via the institution law library, including BOP Program Statement 1330.18. Additionally, administrative remedy filing procedures

---

[3] Available at http://www.bop.gov/policy/progstat/1330_018.pdf (last visited March 22, 2018).

are outlined in the Inmate Information Handbook, which is available at the inmate's respective BOP facility. All administrative remedy requests filed by inmates are logged and tracked in the SENTRY computer database, an electronic record keeping system utilized by the BOP.

The SENTRY system reflects that Mr. Bibbs had not file a single administrative remedy request as of April 27, 2017. Mr. Bibbs first initiated the administrative remedy process on May 6, 2017, with the completion of a BP-8, an attempt at informal resolution. He then proceeded through the process by filing a BP-9, with the Warden, on June 12, 2017. That complaint was denied June 29, 2017. Mr. Bibbs next submitted a BP-10 and BP-11. Mr. Bibbs received his final BP-11 response on March 5, 2018.

### III. Discussion

Defendants argue that because Mr. Bibbs failed to exhaust his administrative remedies as required prior to filing this action, his claims must be dismissed. *See Pozo*, 286 F.3d at 1024-25; *see also Roberts v. Neal*, 745 F.3d 232, 234-35 (7th Cir. 2014). Mr. Bibbs argues that Defendants are not entitled to summary judgment because he exhausted his administrative remedies after this lawsuit was filed.

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (*quoting Pozo v. McCaughtry,* 286 F.3d 1022,

4

1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140 (1992) ("Where Congress specifically mandates, exhaustion is required.").

It is the Defendants' burden to establish that the administrative process was available to Mr. Bibbs. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted).

The undisputed evidence reflects that there was an administrative process available to Mr. Bibbs but that he failed to exhaust his administrative remedies regarding his allegations against Defendants before he filed the present lawsuit. *See Ross,* 136 S. Ct. at 1858 ("[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted). Mr. Bibbs began the administrative remedy process on May 6, 2017, and had completely exhausted his administrative remedy procedures as of December 19, 2017.

Unfortunately for Mr. Bibbs, he cannot complete the grievance process after filing his lawsuit. *See Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). Thus the grievances that were exhausted after this lawsuit was filed are irrelevant. *Id.* ("Ford's real problem . . . is timing. Section

5

1997e(a) says that exhaustion must precede litigation. 'No action shall be brought' until exhaustion has been completed. . . . And these rules routinely are enforced . . . by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending . . . . To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until those efforts have run their course.") (internal citations omitted).

Under these, circumstances Defendants have met their burden to show that the administrative remedy process was available to Mr. Bibbs during the relevant time frame. Mr. Bibbs simply filed this action before he completed the administrative remedy process.

### IV. Conclusion

Defendants have shown that Mr. Bibbs did not exhaust his available administrative remedies prior to filing this lawsuit. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that this lawsuit should not have been brought and must now be dismissed without prejudice. *See Ford*, 362 F.3d at 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice."). Defendant Wilson's motion for summary judgment, dkt. [50], is **granted** and defendant Koj's motion for summary judgment, dkt. [56], is **granted.** Mr. Bibb's Motion to Amend dkt. [67] and Dr. Koj's The Motion to Strike dkt. [70] are **denied as moot.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/26/2018

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WILLIAM JEROME BIBBS
47202-039
BUTNER MEDIUM II FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1500
BUTNER, NC 27509

Beth A. Behrens
SCHULTZ & POGUE LLP
bbehrens@schultzpoguelaw.com

Jon M. Pinnick
SCHULTZ & POGUE LLP
jpinnick@schultzpoguelaw.com

Kelly Rota
U.S. ATTORNEY'S OFFICE OF THE SOUTHERN DISTRICT OF INDI
kelly.rota@usdoj.gov